[No. S118052. Apr. 18, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
ALONZA RYDELL THOMAS, JR., Defendant and Appellant.

## COUNSEL

Athena Shudde, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Lloyd G. Carter, Jeffrey D. Firestone, Louis M. Vasquez, Michelle L. West-Scott, Janet E. Neeley and Kathleen A. McKenna, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KENNARD, J.**—When a minor is charged with certain serious criminal offenses, the prosecutor can file the charges against the minor directly in the criminal division of the superior court (criminal court). (See Welf. & Inst. Code, §§ 602, subd. (b), 707, subd. (d).) If the minor is convicted, the criminal court has discretion under Penal Code section 1170.19, subdivision (a)(4), to "order a juvenile disposition under the juvenile court law, in lieu of a sentence under [the Penal] code"—but only if the prosecutor consents to that disposition.

■ We agree with the Court of Appeal that the prosecutorial consent provision is invalid because it violates California's separation of powers doctrine (Cal. Const., art. III, § 3). But we further conclude that contrary to the Court of Appeal's view, the trial court's discretionary authority under Penal Code section 1170.19, subdivision (a), to commit a minor to the Youth Authority applies only when the minor meets the eligibility requirements of Welfare and Institutions Code section 1732.6. Because defendant here admitted committing robbery and personally using a firearm in the commission of that felony, his sentence, when added to his age, exceeds 25 years—which makes him ineligible for Youth Authority commitment under subdivision (a) of section 1732.6. We therefore reverse the judgment of the Court of Appeal and direct that court to affirm the judgment and sentence of the trial court.

## I.

On March 21, 2000, defendant, then 15 years old, entered a market wearing a black bandana over his face and holding a handgun. He pointed the gun at the store clerk and demanded money. Another clerk grabbed defendant's hand and a struggle ensued during which the gun discharged. A third clerk subdued defendant by hitting him over the head with a bottle. The clerks held defendant at gunpoint until the police arrived.

The district attorney brought charges in criminal court, as authorized by Welfare and Institutions Code section 707, subdivision (d)(2) (personal use of a firearm). He charged defendant with three counts of second degree robbery (Pen. Code, §§ 211, 212.5), one count of assault with a firearm (Pen. Code, § 245, subd. (a)), and enhancements for personal use of a firearm (Pen. Code, §§ 12022.53, subds. (b) and (c), 12022.5, subd. (a)).

On December 21, 2000, defendant entered a negotiated plea of guilty to one count of robbery and admitted use of a firearm in violation of Penal Code section 12022.53. Under the plea agreement, defendant would not be sentenced to more than 13 years in prison.

Defendant asserted that under Penal Code section 1170.19 the criminal court had discretion to order him committed to the Youth Authority, a less restrictive confinement than state prison. Section 1170.19, subdivision (a)(4), states in relevant part: "*Subject to the knowing and intelligent consent of both the prosecution* and the person being sentenced pursuant to this section, the court may order a juvenile disposition under the juvenile court law, in lieu of a sentence under this code, upon a finding that such an order would serve the best interests of justice, protection of the community, and the person being sentenced." (Italics added.)

When defendant here asked the criminal court for a disposition under the juvenile court law, the prosecution objected. Under the italicized language in Penal Code section 1170.19 just quoted, that objection barred the trial court from considering a juvenile disposition. Defendant argued to the trial court that the requirement for prosecutorial consent violated the separation of powers provision of the California Constitution. (See Cal. Const., art. III, § 3.)[1] The trial court, however, ruled that under Welfare and Institutions Code section 1732.6 it had no authority to impose a juvenile disposition in defendant's case.

The Court of Appeal affirmed the conviction, but it struck the prison sentence and remanded the case for the trial court to exercise its discretion whether to order a juvenile disposition. We granted the Attorney General's petition for review and returned the matter to the Court of Appeal with directions to vacate its decision and to reconsider it in light of Welfare and Institutions Code section 1732.6, which limits the criminal court's discretion to order a Youth Authority commitment when a minor is found to have personally used a firearm in violation of Penal Code section 12022.53. Thereafter, the Court of Appeal held: (1) The provision in Penal Code section 1170.19, subdivision (a), requiring the prosecutor's consent to a juvenile court disposition in a case filed directly in criminal court violates the separation of powers provision (Cal. Const., art. III, § 3); and (2) Welfare and Institutions Code section 1732.6 has been impliedly repealed by the enactment of Welfare and Institutions Code section 602.3, and hence does not limit a trial court's discretion to transfer a case to juvenile court under Penal Code section 1170.19, subdivision (a).

We granted the Attorney General's petition for review of the latter issue. We later asked the parties to brief also the issue of the constitutionality of the prosecutorial consent provision in Penal Code section 1170.19.

## II.

In a supplemental brief filed with this court, the Attorney General concedes that the prosecutorial consent provision of Penal Code section 1170.19, subdivision (a), is unconstitutional. We accept the Attorney General's concession, which, as discussed below, finds support in the decisions of this court.[2]

In *People v. Tenorio* (1970) 3 Cal.3d 89, 91–95 [89 Cal.Rptr. 249, 473 P.2d 993] (*Tenorio*), we held that a statute requiring a trial court to secure a

---

[1] California Constitution, article III, section 3 provides: "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."

[2] Our analysis and much of the language in this section follows the opinion of the Court of Appeal.

prosecutor's consent to dismiss an allegation of a prior conviction violates the state Constitution's separation of powers clause by improperly invading the constitutional province of the judiciary. We said: "When the decision to prosecute has been made, the process which leads to acquittal or to sentencing is fundamentally judicial in nature. Just as the fact of prosecutorial discretion prior to charging a criminal offense does not imply prosecutorial discretion to convict without a judicial determination of guilt, discretion to [forgo] prosecution does not imply discretion to sentence without a judicial determination of those factors which the Legislature has never denied are within the judicial power to determine and which relate to punishment. The judicial power is compromised when a judge, who believes that a charge should be dismissed in the interests of justice, wishes to exercise the power to dismiss but finds that before he may do so he must bargain with the prosecutor. The judicial power must be independent, and a judge should never be required to pay for its exercise." (*Id.* at p. 94.)

In the years after *Tenorio,* we have applied its rationale to several analogous situations. In *Esteybar v. Municipal Court* (1971) 5 Cal.3d 119, 122 [95 Cal.Rptr. 524, 485 P.2d 1140], this court held that a statute requiring a magistrate to secure a prosecutor's consent to determine that an offense is a misdemeanor rather than a felony violates the separation of powers doctrine (see Pen. Code, § 17, subd. (b)). We said: "Since the exercise of a judicial power may not be conditioned upon the approval of either the executive or legislative branches of government, requiring the district attorney's consent in determining the charge on which a defendant shall be held to answer violates the doctrine of separation of powers." (*Esteybar v. Municipal Court, supra,* at p. 127.)

The next year, in *People v. Navarro* (1972) 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481], we held that requiring a trial court to obtain a prosecutor's consent to order a posttrial commitment to a narcotic detention, treatment, and rehabilitation facility violates the separation of powers doctrine: "The imposition of sentence and the exercise of sentencing discretion are fundamentally and inherently judicial functions. [Citation.] . . . [¶] . . . [¶] . . . 'It bears reiteration that the Legislature, of course, *by general laws* can control eligibility for probation, parole and the term of imprisonment, but it cannot abort the *judicial process* by subjecting a judge to the control of the district attorney.' " (*Id.* at pp. 258–259, fns. omitted, quoting *People v. Sidener* (1962) 58 Cal.2d 645, 654 [25 Cal.Rptr. 697, 375 P.2d 641] (dis. opn. of Schauer, J.).)

Then, in *People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61 [113 Cal.Rptr. 21, 520 P.2d 405], we held that a statute requiring a court to get a prosecutor's consent to order pretrial diversion to a narcotic treatment

and rehabilitation program violates the separation of powers doctrine: "[W]hen the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the *disposition* of that charge becomes a judicial responsibility. . . . With the development of more sophisticated responses to the wide range of antisocial behavior traditionally subsumed under the heading of 'crime,' alternative means of disposition have been confided to the judiciary." (*Id.* at p. 66.)

Thereafter, in *Davis v. Municipal Court* (1988) 46 Cal.3d 64 [249 Cal.Rptr. 300, 757 P.2d 11], this court held that a local rule precluding the trial court from diverting persons charged with felonies to a drug treatment program, while permitting diversion for those charged with misdemeanors, did not violate the separation of powers doctrine (*id.* at pp. 69–74 (maj. opn. of Arguelles, J.)). The local rule granted the prosecutor discretion to be exercised *before* the filing of a criminal charge, in contrast to the statutes invalidated in *Tenorio, supra,* 3 Cal.3d 89, and its progeny, which purported to give a prosecutor the right to veto a trial court's decision made *after* criminal charges had already been filed. *Davis* concluded that the exercise of prosecutorial discretion before the filing of charges does not improperly subordinate the judicial branch to the executive branch in violation of the state Constitution. (*Davis v. Municipal Court, supra,* at p. 82.)

Recently, in *Manduley v. Superior Court* (2002) 27 Cal.4th 537 [117 Cal.Rptr.2d 168, 41 P.3d 3], which upheld the constitutionality of an initiative measure that gave the prosecutor discretion to file charges against some juveniles directly in criminal court, this court again stressed the critical distinction between prosecutorial discretion *before* and discretion *after* the filing of a criminal charge: "[This court's decisions] establish that the separation of powers doctrine prohibits the legislative branch from granting prosecutors the authority, *after* charges have been filed, to control the legislatively specified sentencing choices available to a court. A statute conferring upon prosecutors the discretion to make certain decisions *before* the filing of charges, on the other hand, is not invalid simply because the prosecutor's exercise of such charging discretion necessarily affects the dispositional options available to the court." (*Id.* at p. 553.)

■ The discretion that Penal Code section 1170.19, subdivision (a)(4), grants to a criminal court to order a juvenile disposition in some cases where the prosecutor has filed charges directly in criminal court indisputably constitutes a judicial responsibility. (See *Davis v. Municipal Court, supra,* 46 Cal.3d at p. 83.) Like the statutes in *Tenorio* and its progeny, section 1170.19, subdivision (a)(4), authorizes "the exercise of a prosecutorial veto *after* the filing of criminal charges, when the criminal proceeding has already come within the aegis of the judicial branch." (*Davis v. Municipal Court, supra,* at

p. 83.) Thus, the requirement of section 1170.19, subdivision (a)(4), that the criminal court must secure the prosecutor's consent before it can order a Youth Authority commitment violates the state Constitution's separation of powers doctrine. (Cal. Const., art. III, § 3.)

## III.

We now consider the issue of the criminal court's discretionary authority under Penal Code section 1170.19 to order a disposition under the juvenile court laws in a case that the prosecution filed directly in criminal court. Resolving this issue requires the interpretation and cross-referencing of five statutes from two different codes.

We start our analysis with Penal Code section 1170.17, subdivision (a), which states: "When a person is prosecuted for a criminal offense committed while he or she was under the age of 18 years and the prosecution is lawfully initiated in a court of criminal jurisdiction without a prior finding that the person is not a fit and proper subject to be dealt with under the juvenile court law, upon subsequent conviction for any criminal offense, the person shall be subject to the same sentence as an adult convicted of the identical offense, in accordance with the provisions set forth in subdivision (a) of Section 1170.19, except under the circumstances described in subdivision (b) or (c)." (The circumstances described in subdivisions (b) and (c) are inapplicable here.)

Penal Code section 1170.19, subdivision (a)(1), to which Penal Code section 1170.17 refers, states that a person sentenced pursuant to section 1170.17 "may be committed to the Youth Authority only to the extent the person meets the eligibility criteria set forth in Section 1732.6 of the Welfare and Institutions Code."

Subdivision (a) of Welfare and Institutions Code section 1732.6 provides: "(a) No minor shall be committed to the Youth Authority when he or she is convicted in a criminal action for an offense described in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 of the Penal Code and is sentenced to incarceration for life, an indeterminate period to life, or a determinate period of years such that the maximum number of years of potential confinement when added to the minor's age would exceed 25 years. Except as specified in subdivision (b), in all other cases in which the minor has been convicted in a criminal action, the court shall retain discretion to sentence the minor to the Department of Corrections or to commit the minor to the Youth Authority."

Defendant was convicted in criminal court of robbery (Pen. Code, §§ 211, 212.5), with a sentence enhancement for personal use of a firearm

during the commission of the robbery (Pen. Code, § 12022.53, subd. (b)). Welfare and Institutions Code section 1732.6, subdivision (a), restricts the criminal court's discretion to order a Youth Authority commitment for minors convicted of any offense described in subdivision (c) of Penal Code section 667.5. Among the offenses so described are "[a]ny robbery," and "[a]ny violation of [Penal Code] Section 12022.53." (Pen. Code, § 667.5, subd. (c)(9) and (22).) Minors convicted of such offenses cannot be committed to the Youth Authority if they have been "sentenced to incarceration for life, an indeterminate period to life, or a determinate period of years such that the maximum number of years of potential confinement when added to the minor's age would exceed 25 years." (Welf. & Inst. Code, § 1732.6, subd. (a).)

Defendant was sentenced to three years' imprisonment for robbery plus 10 years for the personal use of a firearm, minus 97 days' credit for time served. His sentence, when added to his age, exceeds 25 years. Defendant is therefore ineligible for a Youth Authority commitment.

Defendant, however, argues that Welfare and Institutions Code section 1732.6's restrictions on Youth Authority commitment were removed by the Legislature's enactment of Welfare and Institutions Code section 602.3, subdivision (a). That provision reads: "Notwithstanding any other law and pursuant to the provisions of this section, the juvenile court shall commit any minor adjudicated to be a ward of the court for the personal use of a firearm in the commission of a violent felony . . . to placement in a juvenile hall, ranch, camp, or with the Department of the Youth Authority." The apparent purpose of this provision was to limit judicial discretion in firearm use cases prosecuted in juvenile court.

The amendment to Welfare and Institutions Code section 1732.6, which restricted the criminal court's discretion to place minors with the Youth Authority was enacted by the voters as part of Proposition 21's revision of juvenile court law. Welfare and Institutions Code section 602.3 was enacted by the Legislature *before* the voters approved Proposition 21, but took effect *after* Proposition 21. The parties therefore dispute whether section 602.3 is a later enactment that supersedes amended section 1732.6, or whether it is an earlier enactment that cannot supersede amended section 1732.6. We need not resolve this controversy, however, because section 602.3 does not apply to defendant. It concerns only a minor "adjudicated to be a ward of the court for the personal use of a firearm in the commission of a violent felony." Defendant has not been adjudicated to be a ward of the juvenile court; instead, he was charged and pled guilty in criminal court.

■ Defendant insists that notwithstanding Penal Code section 1170.19 and Welfare and Institutions Code section 1732.6, the trial court had discretion under Penal Code section 1385 to commit him to the Youth Authority after his guilty plea. We disagree. Penal Code section 1385 allows a trial court, in the interests of justice, to strike individual charges and allegations in a criminal action. (*In re Varnell* (2003) 30 Cal.4th 1132, 1137 [135 Cal.Rptr.2d 619, 70 P.3d 1037]; *People v. Hernandez* (2000) 22 Cal.4th 512, 524 [93 Cal.Rptr.2d 509, 994 P.2d 354].) It does not permit the court to disregard statutory limits on sentencing for charges and allegations that have not been stricken. (See *In re Varnell, supra*, 30 Cal.4th at pp. 1137–1139.) Moreover, Penal Code section 12022.53, subdivision (h), expressly forbids the trial court from striking an allegation of personal firearm use.

Finally, defendant notes that under the express language of Penal Code section 1170.19 and Welfare and Institutions Code section 1732.6, it is only his commitment to the Youth Authority that would be barred. He contends, therefore, that his case should be remanded to the trial court so it can exercise its discretion whether to order a juvenile disposition other than a Youth Authority commitment, such as placement at a county youth ranch.

The offenses listed in Welfare and Institutions Code section 1732.6 are very serious crimes. When a minor is convicted of such an offense, usually the only suitable sentencing options would be Youth Authority commitment or sentencing as an adult; a disposition less restrictive than Youth Authority commitment, such as a county ranch facility, would not be appropriate to the severity of the offense. Through Proposition 21 the voters of this state took that sentencing choice from the criminal court by barring a Youth Authority commitment when the sentence, as in this case, would require the defendant to be confined beyond his 25th birthday. (See *Manduley v. Superior Court, supra*, 27 Cal.4th at p. 555.) That enactment demonstrates that, in the voters' view, such minors need more restrictive confinement. For us to conclude that the criminal court lacks discretion to order a Youth Authority commitment but retains discretion to order an even less restrictive disposition would conflict with the intent of the voters.

For the reasons given above, we conclude that the trial court correctly ruled that under Welfare and Institutions Code section 1732.6 it had no authority to commit defendant to the Youth Authority or to a less restrictive juvenile disposition.

## DISPOSITION

We reverse the judgment of the Court of Appeal and remand the matter to that court with directions to affirm the judgment and sentence of the trial court.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.

Appellant's petition for a rehearing was denied June 8, 2005, and the opinion was modified to read as printed above.