Filed 4/30/15  P. v. Woodspage CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B255772 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA127755) |
| v. | |
| DAVION WOODSPAGE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed in part, reversed in part and remanded with directions.

Matthew Alger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Following a series of armed robberies and the shooting death of Luis Valadez during one of those robberies, police arrested codefendants Davion Woodspage and Donald Alan Simpson, along with minor Cindy J. This appeal involves one of the robberies, of the Las Palomas Meat Market on November 20, 2012, and the murder of Valadez during the robbery. Woodspage was charged in an information with one count of murder (Pen. Code,[1] § 187, subd. (a); count 1) with a special circumstance allegation that the murder was committed during a robbery (§ 190.2, subd. (a)(17)), and one count of second degree robbery (§ 211; count 2). The information specially alleged a principal had personally and intentionally discharged a firearm causing death (§ 12022.53, subds. (b)-(e)(1)) and the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).[2]

Woodspage represented himself at trial. The jury convicted Woodspage of special circumstances murder and robbery, and found the firearm-use and gang enhancement allegations to be true. Following sentencing by the court, Woodspage timely appealed from the judgment, and we appointed counsel to represent him on appeal.

After examination of the record, Woodspage's counsel filed an opening brief in which no issues were raised. On November 24, 2014 we advised Woodspage he had 30 days within which to personally submit any contentions or issues he wished us to consider. We received no response. After our review of the record, we identified sentencing errors, and requested the parties' views as to whether those errors should be corrected by this court or the matter remanded to the trial court for resentencing. Both parties submitted supplemental letter briefs.

For the reasons set forth below, we find errors in the sentence on count 2 and reverse and remand for resentencing on that count. We also find clerical errors in the

---

[1]    All statutory references are to the Penal Code.

[2]    Simpson was charged as a codefendant in the Las Palomas robbery and Valadez murder and for robberies that did not involve Woodspage. Cindy J. cooperated with authorities and testified at trial about the events that occurred inside the store.

minute order and abstract of judgment for counts 1 and 2 that will need to be corrected upon remand.

While both parties state in their letter briefs that this court can correct the sentencing errors without remanding the case to the trial court, because the People have pointed out for the first time in their letter brief that the trial court failed to impose on count 2 an additional 25-year-to-life firearm-use enhancement, we are remanding for the trial court to resentence Woodspage on count 2. The People correctly point out that the trial court must impose the 25-year-to-life firearm use enhancement. (See *People v. Thomas* (2005) 35 Cal.4th 635, 644; *People v. Oates* (2004) 32 Cal.4th 1048, 1056.) However, upon resentencing the court does have discretion to strike or impose and stay the gang enhancement. (§ 186.22, subd. (g); *People v. Sinclair* (2008) 166 Cal.App.4th 848, 854 & fn. 17 [trial court may strike or impose and stay gang enhancement under § 186.22 "'where the interests of justice would best be served'"].)

The trial court also has discretion whether to run the sentence on count 2 for robbery consecutive or concurrent to the sentence on count 1 for murder. (§ 669; *People v. Bradford* (1976) 17 Cal.3d 8, 20 ["[i]t is well established that a trial court has discretion to determine whether several sentences are to run concurrently or consecutively"]; see also *People v. Neely* (2009) 176 Cal.App.4th 787, 798-799 [remanding for court to resentence defendant and exercise discretion whether to impose consecutive or concurrent sentence on determinate terms].) Therefore, remand is appropriate.

Based on our review of the record, we are satisfied that no additional arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

# FACTUAL AND PROCEDURAL BACKGROUND

## A. *Factual Background*

According to the evidence presented at trial,[3] Woodspage and Simpson entered the back of Las Palomas Meat Market on the evening of November 20, 2012. Woodspage was armed with a rifle, and Simpson had a handgun. Both were wearing bandanas covering their faces. Woodspage also was wearing a skeleton mask on his face similar to a Halloween mask, and Simpson was wearing a sweatshirt with the hood covering part of his face.

Woodspage approached the cash register and was confronted by Valadez, the store owner, who attempted to take Woodspage's rifle away from him. During the struggle, Woodspage fired four shots, one of which struck Valadez in the chest, killing him. Woodspage fled from the store, leaving his rifle behind.

At around the same time, Simpson encountered store employee Jose Garcia at the back of the store. Garcia struggled with Simpson, causing Simpson's gun to fire a shot, although it did not hit Garcia. Garcia then felt a blow to his head with a hard object, causing him to bleed from his head. Garcia ran from the store and hid under a truck. Simpson fled toward the front of the store, then exited through the back door.

The People also introduced DNA evidence taken from the rifle left at the market. A DNA expert testified that Valadez was a major contributor and Woodspage was a possible minor contributor to the DNA.

---

[3] As noted above, Cindy was the principal witness against Woodspage and Simpson at trial. In her testimony Cindy referred to Woodspage as "Nu Nu" and Simpson as "Dajuan." According to Cindy, she was supposed to buy something in the market to induce the store clerk to open the cash register, and then Woodspage and Dajuan "would take action." However, before she could carry out her part of the plan, she heard a gunshot from the market and then observed Woodspage struggling with the store owner over his rifle and heard four more gunshots. She then ran away from the store. The store clerk Jose Garcia also testified about his struggle with Simpson, the firing of Simpson's gun, and Simpson hitting Garcia over the head with a hard object.

A gang expert testified that Woodspage and Simpson were members of the Project Crips street gang and had gang tattoos from the gang. The expert also testified based on a hypothetical that the robbery and murder were committed in association with the gang and for the benefit of the gang.

## B. *Jury Verdict and Sentencing*

A jury convicted Woodspage on count 1 for murder and count 2 for second degree robbery. The jury also found true the robbery special circumstance allegation on the murder count and the firearm-use and criminal street gang enhancement allegations on each count.[4]

The trial court sentenced Woodspage on count 1 for murder with the robbery special circumstance to a term of life without the possibility of parole, plus a term of 25 years to life for the section 12022.53, subdivision (d), firearm-use enhancement. The court also imposed a "15-year minimum on a life term" enhancement for the criminal street gang allegation under section 186.22, subdivision (b)(5), although the court stated that the special circumstance provisions of section 190.2, subdivision (a)(17), "would be the controlling parole eligibility, which is no parole." The court stayed sentencing on the remaining firearm-use enhancements.

On count 2 for second degree robbery, the court sentenced Woodspage to the upper term of five years, plus a term of 15 years to life for the criminal street gang enhancement to run consecutive to count 1. The court did not impose any sentence on the firearm-use enhancements, although the jury found the firearm-use allegations under section 12022.53, subdivisions (b), (c) and (d) to be true.

---

[4]     The jury found Simpson guilty of the special circumstance murder and robbery counts and found true the firearm-use and criminal street gang enhancements. The jury also convicted Simpson of other counts not charged against Woodspage.

5

The court ordered victim restitution and imposed a $300 restitution fine (§ 1202.4, subd. (b)) and other statutory fines and fees. The court did not impose a parole revocation fine (§ 1202.45), stating that it "does not apply."

**DISCUSSION**

A. *Sentencing and Clerical Errors*

1. *Count 1 for Murder*

We find no error in the court's imposition of a life sentence without the possibility of parole on count 1. However, the minute order and abstract of judgment are inconsistent with the oral pronouncement of judgment as to the gang enhancement. At the sentencing hearing the trial court imposed the correct sentence enhancement for the gang allegation, a "15-year minimum on a life term" (§ 186.22, subd. (b)(5)). However, the minute order entered following the sentencing hearing states that "an additional 15 years to life is imposed pursuant to . . . section 186.22[, subdivision] (b)(1)(C)." The abstract of judgment similarly states that the enhancement imposed is 15 years to life.

Upon remand, the discrepancy between the oral pronouncement and the minute order and abstract of judgment must be corrected.[5] (See *People v. Morales* (2014) 224 Cal.App.4th 1587, 1594 ["[w]hen there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls"]; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 [same].)

2. *Count 2 for Robbery*

We reverse for the court to correct three sentencing errors on count 2. First, as we note above, the trial court sentenced Woodspage to the upper term of five years for second degree robbery (§ 211), plus a term of 15 years to life for the criminal street gang

---

[5] Upon remand, the abstract of judgment should also be corrected with respect to the parole revocation fine. The current abstract incorrectly reflects imposition of a $300 parole revocation fine (§ 1202.45) on count 1.

enhancement, to run consecutive to the term imposed on count 1 for murder. Because robbery is a violent felony (§ 667.5, subd. (c)(9)) and the court imposed a determinate term, the proper gang enhancement is specified in section 186.22, subdivision (b)(1)(C), which provides for an additional term of 10 years, not 15 years to life.

Second, the court failed to impose the mandatory consecutive term of 25 years to life for the section 12022.53, subdivision (d), firearm-use enhancement, or to stay the other firearm-use enhancements. (See *People v. Thomas*, *supra*, 35 Cal.4th at p. 644 ["section 12022.53, subdivision (h), expressly forbids the trial court from striking an allegation of personal firearm use"]; *People v. Oates*, *supra*, 32 Cal.4th at p. 1056 [trial court required to impose section 12022.53 firearm use enhancement as to each murder conviction].)

Third, the court failed to impose and suspend a parole revocation fine (§ 1202.45) on count 2, stating that the fine did not apply because an indeterminate term of life without the possibility of parole had been imposed on count 1 for murder.[6] However, the court was required to impose and stay the parole revocation fine on the robbery count because the court imposed a determinate term on that count, even though it is unlikely Woodspage will ever be released on parole. (See *People v. Brasure* (2008) 42 Cal.4th 1037, 1075 [parole revocation fine mandatory on determinate prison term even where defendant sentenced to death on other count]; *People v. Tillman* (2000) 22 Cal.4th 300, 301-302 [where parole is granted and court imposes restitution fine, "imposition of a parole revocation fine is also mandatory"].)

## DISPOSITION

The sentence on count 2 for second degree robbery is reversed, and the matter is remanded for resentencing on that count consistent with the views expressed in this

---

[6] The abstract of judgment also fails to reflect imposition of the $300 restitution fine, and will need to be corrected upon resentencing.

opinion.  The judgment of conviction and the sentence as to count 1 for special
circumstance murder are affirmed.  However, upon remand the minute order and abstract
of judgment should correctly reflect the sentence imposed consistent with this opinion.


FEUER, J.*


We concur:


PERLUSS, P. J.


ZELON, J.

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.