Filed 2/21/14  P. v. Howlan CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICHARD HOWLAN,<br><br>        Defendant and Appellant. | A137953<br><br>(San Francisco County<br>Super. Ct. No. 209611) |

Defendant Richard Howlan was placed on probation after pleading guilty to felony second degree burglary and felony grand theft.[1]  Several years later, the People alleged that Howlan violated his probation, and they moved to revoke it.  Before admitting the violation, Howlan asked to be sentenced to county jail, rather than state prison, under the Criminal Justice Realignment Act of 2011 (Realignment Act or Act).[2]  (§ 1170, subd. (h).)  The trial court determined that Howlan was precluded from being sentenced to jail because he had a prior conviction for felony robbery in the State of Washington that qualified as a strike under California law.  Howlan admitted the probation violation anyway, apparently in exchange for being sentenced to the midterm for his crimes.  Without relying on the strike determination to increase the sentence's length, the trial

---

[1] The burglary charge was under Penal Code section 459, and the grand theft charge was under Penal Code section 487, subdivision (a).  All statutory references are to the Penal Code unless otherwise indicated.

[2] Amended by Statutes 2011, First Executive Session 2011-2012, chapter 12, section 1.

1

court sentenced him to two years in state prison. It then released Howlan on parole because he had over two years of custody credits. (See § 1170, subd. (a)(3).)

On appeal, Howlan argues, and the Attorney General concedes, that the case is subject to remand because the trial court had insufficient evidence to find that the Washington robbery conviction qualified as a strike. But we affirm because, as we explain below, Howlan has not identified any prejudice requiring a remand.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In 2009, Howlan pleaded guilty to one felony count of second degree burglary and one felony count of grand theft. The trial court suspended imposition of Howlan's sentence and granted probation.

In August 2012, the People moved to revoke Howlan's probation. Howlan requested sentencing under the Realignment Act, which allows eligible felons to "serve their terms of imprisonment in local custody rather than state prison." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671; § 1170, subd. (h).) The People argued that Howlan was ineligible to be locally sentenced under section 1170, subdivision (h) (section 1170(h)) because it excludes defendants who have an out-of-state conviction that would qualify as a strike under California law. (§ 1170, subd. (h)(3)(B).) They argued that Howlan's prior felony conviction in Washington for second degree robbery was such a qualifying offense.[3] The People did not, however, attempt to rely on the prior conviction

---

[3] The People also argued that a prior conviction in Washington for burglary disqualified Howlan from being sentenced under the Act. The trial court did not determine whether the burglary conviction qualified as a strike, and no issues involving that conviction are before us.

to increase the length of Howlan's sentence.[4]

Whether Howlan's prior conviction was a strike turned on whether the record of conviction established that the conviction "involve[d] conduct that would qualify as a serious [or violent] felony in California." (*People v. Avery* (2002) 27 Cal.4th 49, 53; see also *People v. Delgado* (2008) 43 Cal.4th 1059, 1065; § 1170, subd. (h)(3)(B).) At a hearing in November 2012, the People sought to introduce a certified packet of information about the prior robbery conviction. Over Howlan's objection that an affidavit of probable cause in the packet contained inadmissible hearsay, the trial court admitted the entire exhibit. The court determined that the prior conviction qualified as a strike under California law based on the evidence admitted, even if the affidavit of probable cause was disregarded. The court then ruled that Howlan was ineligible for sentencing under section 1170(h).

Howlan admitted to violating probation and his probation was revoked. Without relying on the prior conviction to increase the length of his sentence, the trial court sentenced him to two years in state prison. But because he already had over two years of custody credits, Howlan received a "paper commitment" and was placed on parole instead of actually being sent to prison. (See § 1170, subd. (a)(3).) This timely appeal followed.

---

[4] If they had, the prior conviction would have been required to be "pled and proven to a jury." (*People v. Griffis* (2013) 212 Cal.App.4th 956, 959, 962-963; see, e.g., § 667, subd. (e)(1) [requiring doubling of sentence term where defendant has one prior strike conviction "that has been pled and proved"].) No such requirement exists when a prior conviction is only used to find a defendant ineligible for sentencing under section 1170(h). (*Griffis*, at pp. 959, 962.)

## II.
### DISCUSSION

*Howlan Fails to Identify Any Prejudice Resulting from the Trial*
*Court's Determination that His Prior Conviction Was a Strike.*

Howlan's sole contention on appeal is that insufficient evidence supported the trial court's ruling that he was ineligible for sentencing under the Realignment Act. To decide whether a sentencing error justifies a remand for correction, we must determine whether "it is '. . . reasonably probable that a more favorable sentence would have been imposed in the absence of the error.' " (*People v. Scott* (1994) 9 Cal.4th 331, 355.) The parties have not identified any reason that the court's ruling was detrimental to Howlan,[5] and "it is not this court's function . . . to speculate as to how [he] may have been prejudiced." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 546.) We therefore affirm without reaching the merits of his claim.

Although Howlan pleaded guilty to the underlying offenses in 2009, the trial court suspended imposition of the sentence at that time and he was not actually sentenced until 2012. (See *People v. Howard* (1997) 16 Cal.4th 1081, 1087.) Thus, had the court not concluded that the prior conviction was a strike, Howlan would have been eligible for local sentencing under section 1170(h), which applies to all those "sentenced on or after October 1, 2011." (§ 1170, subd. (h)(6).) But even though the court determined that Howlan was ineligible for local sentencing under section 1170(h), this determination did not have any actual effect on his custodial location because he received a paper commitment and, rather than having to serve any time in state prison or county jail, he was placed on parole.

Howlan argues that he was nevertheless harmed by the trial court's finding because he should have been placed on postrelease community supervision (PRCS) instead of parole. Whatever the merits of this position, there is no remedy available. Under section 3000.08, "[a]ny person released to parole supervision . . . shall, regardless

---

[5] We requested and received supplemental briefing on this issue under Government Code section 68081.

of any subsequent determination that the person should have been released [under PRCS], remain subject to [parole] after having served 60 days under [parole] supervision." (§ 3000.08, subd. (*l*); see also § 3451, subd. (d) [person erroneously released under PRCS instead of on parole remains subject to PRCS after serving 60 days under PRCS].) Thus, even if Howlan should have been released on PRCS, he must now remain on parole because more than 60 days have passed since he began it.

The Attorney General suggests that the paper commitment to prison instead of county jail was detrimental to Howlan because it constitutes a "prior separate prison term" that could be used to increase his sentence in future proceedings. (§§ 667.5, subds. (a), (b), 1170, subd. (a)(3).) We are not persuaded. Section 667.5, subdivision (a) provides for a three-year sentencing enhancement for "each prior separate prison term served . . . where the prior offense was [a] violent felon[y]," but neither of the underlying crimes of second degree burglary and grand theft is a "violent felony." (See § 667.5, subd. (c).) Section 667.5, subdivision (b) also provides for a one-year sentencing enhancement "for each prior separate prison term or county jail term imposed under [section 1170(h)] or when sentence is not suspended for any felony." This provision is applicable to the underlying crimes, but it applies equally whether the prior sentence committed the defendant to state prison or to county jail. Thus, the trial court's determination that Howlan was ineligible for sentencing under section 1170(h) did not affect the application of section 667.5 in any future proceedings against him.

Howlan has failed to convince us that a remand for resentencing is required because he has not shown that the trial court's determination that the Washington robbery conviction was a strike resulted in a less favorable sentence. We therefore affirm without expressing an opinion on whether the court's strike determination was proper.

### III.
### DISPOSITION

The judgment is affirmed.

_____

Humes, J.

We concur:


_____

Ruvolo, P.J.


_____

Reardon, J.