[No. C070266. Third Dist. Jan. 14, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH WILLIAM GRIFFIS, Defendant and Appellant.

## Counsel

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**ROBIE, J.**—Defendant Kenneth William Griffis pled guilty to possession of methamphetamine and receiving stolen property. The trial court sentenced him to two years eight months in prison because he had prior felony convictions in the State of Washington. Defendant contends under the Criminal Justice Realignment Act of 2011 (Realignment Act) (Stats. 2011, ch. 15) he was entitled to a county jail sentence because (1) his prior convictions were neither pled nor proven to a jury and (2) the record contains insufficient evidence that any of his prior convictions qualified as a strike.

We conclude the prior Washington convictions constituted sentencing factors that did not need to be pled and proven to a jury to render him ineligible for county jail. The People, however, concede the record contains insufficient evidence to support the court's finding that defendant's Washington convictions constituted strikes under California law. Because it is correct, we accept that concession. Accordingly, we affirm defendant's conviction but remand for resentencing.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2011, defendant was arrested for public intoxication when two Shasta County deputy marshals saw him ride a bicycle into heavy traffic

and narrowly avoid getting hit by three cars. During a search incident to arrest, officers discovered methamphetamine on him.

Defendant was charged with possessing methamphetamine, transporting methamphetamine, and public intoxication (the drug case). The complaint further alleged that defendant had been convicted of possessing a controlled substance in 2006 in Shasta County and that he had served a prior prison term within the meaning of Penal Code[1] section 667.5, subdivision (b). He pled guilty to possession of methamphetamine, all other charges were dismissed, and he was granted three years of Proposition 36 probation on April 20, 2011.

On June 10, 2011, and July 29, 2011, defendant admitted he violated his probation by using methamphetamine. Probation was reinstated on each occasion. On August 26, 2011, defendant admitted using methamphetamine and violating his probation for the third time. His potential exposure at the time was three years in custody.

On September 28, 2011, defendant was charged in a second case with receiving stolen property with an enhancement for a prior prison term (the property case). On December 13, 2011, defendant pled no contest. He entered the plea with the understanding that he would be sentenced to no more than two years eight months on both the drug and property cases. The following exchange occurred at the plea hearing:

"THE COURT: In [the property case] you're going to change your plea on Count 1 to a no contest plea, the enhancement would be stricken, and what you'd be looking at on this case, along with [the drug case], is a two-year, eight-month lid. Which means that you could get two years, eight months in state prison. He doesn't have any qualifiers. You could get two years, eight months in county jail, or you could get lesser, including probation. Is that your understanding of the agreement?

"THE DEFENDANT: Yes."

At the sentencing hearing on January 12, 2011, the trial court denied probation and imposed a two-year-eight-month sentence for both the drug and the property cases. The trial court relied on the probation officer's report in denying probation. The reporter's transcript recorded the following:

---

[1] Undesignated section references are to the Penal Code.

"THE COURT: The Probation Officer in the report does discuss the presumptive ineligibility for probation on pages 9 and just at the top of page 10, lines 12 on page 9 to line 2 on page 10. I concur with the analysis made by the Probation Officer. And that's based on the defendant having five felonies in his resume. I observe, as pointed out, that some of those are dated, starts 1995 with a Washington felony, and then moves to 2000 with four Washington felonies; a total three year state prison sentence from a Shasta Felony in May of 2006. . . . [¶] . . . [¶]

"[THE PEOPLE]: My only concern is that these charges are normally non-prison, and he's getting to prison because he has a prior strike that he hasn't admitted. So I think we should put something on the record so when he gets to CDC they don't try to kick him back.

"THE COURT: I think you may have done that, but do you want to state the dates of this strike.

"[THE PEOPLE]: Yes. My understanding is that his Washington State burglaries, that will be case 941003598, and 971005838 qualify as a strike. They're similar enough to the California statute that they would be considered a strike, and therefore that's how he's eligible for CDC rather than 1178 prison.

"THE COURT: I think it's good to put it on there. I know your office didn't charge it or even note the existence of it."

This timely appeal followed.

## DISCUSSION

### I

#### *The Realignment Act*

■  With certain exceptions, defendants sentenced under the Realignment Act are committed to county jail rather than state prison. (§ 1170, subd. (h)(1)–(3).) Prison sentences are imposed for those who have current or prior serious or violent felony convictions, who are required to register as sex offenders, or who have sustained a section 186.11 aggravated white-collar

crime enhancement. (§ 1170, subd. (h)(3).) Thus, section 1170, subdivision (h) makes a strike a disqualifying factor for sentencing to county jail under that statute.

## II

### *Defendant's Washington Felonies Are Sentencing Factors That Did Not Have to Be Pled or Proven to a Jury*

Defendant contends he was entitled to be sentenced to county jail under section 1170, subdivision (h) because a prior conviction that results in an increased penalty—like a sentence served in prison rather than in jail—must be pled and proven to a jury under *People v. Lo Cicero* (1969) 71 Cal.2d 1186 [80 Cal.Rptr. 913, 459 P.2d 241]. He also contends that because subdivision (f) of section 1170 expressly forbids courts from dismissing "any allegation that a defendant is eligible for state prison" due to one of the disqualifying factors in subdivision (h) of the statute, the Legislature must have intended to require that such disqualifying factors be pled. We disagree with defendant on both points.

In *Lo Cicero*, our Supreme Court "recognized an implied pleading and proof requirement in the predecessor to Health and Safety Code section 11370, which prohibited probation for any defendant convicted of certain narcotics offenses if the defendant had previously been convicted of a narcotics offense. The statute did not expressly require the prior conviction establishing the defendant's ineligibility be pleaded and proved, but [the court] recognized an implied pleading and proof requirement under *People v. Ford* (1964) 60 Cal.2d 772 [36 Cal.Rptr. 620, 388 P.2d 892], in which '[the court] held that "before a defendant can properly be sentenced to suffer the increased penalties flowing from . . . [a] finding . . . [of a prior conviction] the fact of the prior conviction . . . must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived." ' " (*In re Varnell* (2003) 30 Cal.4th 1132, 1140 [135 Cal.Rptr.2d 619, 70 P.3d 1037], quoting *People v. Lo Cicero, supra*, 71 Cal.2d at pp. 1192–1193; see *People v. Ford, supra*, 60 Cal.2d at p. 794.)

Defendant contends the principle from *Ford* and *Lo Cicero* applies here because a prison sentence qualifies as an increased penalty compared to a county jail sentence of equal length. He asserts this is so because serving a prison sentence would remove him from his support system of friends and family, require him to serve his entire term in prison without eligibility for

the split-sentence option,[2] and necessitate that he serve a period of parole after completing his prison term.[3]

■ Our Supreme Court recently explained that the "core concern underlying the rule of *Ford*" is "the need to ensure that the jury's verdict authorizes the sentence." (*People v. Lara* (2012) 54 Cal.4th 896, 905 [144 Cal.Rptr.3d 169, 281 P.3d 72].) Thus, the court has recognized an implied pleading and proof requirement "only as to facts that define the permissible range of sentencing for an offense by increasing the sentence, prescribing a minimum term, or entirely precluding probation." (*Id.* at p. 906.) Applying this understanding of the *Ford* rule in *Lara*, the court refused to recognize an implied pleading and proof requirement for a fact used to limit conduct credits. (*Lara*, at pp. 903–906.) While acknowledging that "a person who is released a day early [because of conduct credits] is punished a day less," the court nonetheless held that "the conclusion that credit-limiting facts must formally be pled and proved does not follow." (*Id.* at pp. 905–906.)

Similarly, in *In re Varnell, supra*, 30 Cal.4th 1132, the Supreme Court refused to recognize an implied pleading and proof requirement for a fact, like a prior conviction, used to disqualify a defendant from probation under Proposition 36. (*Varnell*, at pp. 1139–1141.) Because the defendant's "criminal record . . . did not absolutely preclude the opportunity for probation" but "simply rendered him unfit for probation under a particular provision," "nothing in *Lo Cicero* required the prosecution to plead [the defendant]'s ineligibility under Proposition 36" because that ineligibility was "not the equivalent of an increase in penalty." (*Varnell*, at p. 1141.)

■ Based on *Lara*'s explanation of the *Ford* and *Lo Cicero* rule, and the Supreme Court's application of that rule in *Lara* and *Varnell*, there is no basis for implying a pleading and proof requirement here for a prior conviction used to disqualify a defendant from serving his sentence in jail under the Realignment Act. A prior conviction used to determine *where* a defendant serves his or her sentence under the Realignment Act—prison or jail—does not operate to increase that sentence, prescribe a minimum term, or entirely preclude probation. It is true a prison sentence under the Realignment Act includes a period of parole, while a jail sentence does not, and it has been said in another context that the imposition of a period of parole constitutes an

---

[2] When a court sentences a defendant to county jail under the Realignment Act, the court can suspend execution of a concluding portion of the defendant's sentence, during which time the defendant is given supervised release from custody, akin to probation. (§ 1170, subd. (h)(5)(B).)

[3] A period of parole is mandatory following a prison sentence (see § 3000) but is not required following a jail sentence under the Realignment Act.

increase in punishment because "[p]arole entails a significant array of impositions and liberty curtailment . . . ." (*In re Carabes* (1983) 144 Cal.App.3d 927, 932 [193 Cal.Rptr. 65].) That observation does not inform our inquiry here, however, because the question in this case is not simply whether a prison sentence under the Realignment Act might be characterized, in some manner, as more onerous than a jail sentence of equal length. Rather, the question is one of legislative intent; specifically, did the Legislature intend to require that a prior conviction or other factor disqualifying a defendant from a jail sentence under the Realignment Act be formally pled and proven? In the wake of *Varnell* and *Lara*, the answer to that question is plainly "no."

Defendant argues that the Legislature must have intended a pleading requirement with respect to "facts disqualifying a defendant from service of his sentence in local custody" because of the Legislature's addition of section 1170, subdivision (f). That subdivision provides that "[n]otwithstanding any other provision of this section, for purposes of paragraph (3) of subdivision (h), any allegation that a defendant is eligible for state prison due to a prior or current conviction, sentence enhancement, or because he or she is required to register as a sex offender shall not be subject to dismissal pursuant to Section 1385." (§ 1170, subd. (f).) According to defendant, "there is no reason for the Legislature to have included this language precluding exercise of section 1385 authority . . . if it did not also intend an implied pleading requirement with respect to the disqualifying factors."

We disagree. By precluding the use of section 1385 to alter a defendant's eligibility for jail versus prison under the Realignment Act, the Legislature was not necessarily implying that a disqualifying factor *must* be pled (let alone formally proven). More likely, the Legislature was just making sure that *if* a disqualifying factor *is* pled in a particular case, section 1385 cannot be used to strike that allegation and thereby send the defendant to jail when the Realignment Act would otherwise require that he be sent to prison. In this manner, the Legislature was communicating that it did not intend the disqualifying factors in the Realignment Act to constitute part of the charges and allegations in a criminal action that are subject to the court's power under section 1385. (See *People v. Thomas* (2005) 35 Cal.4th 635, 644 [27 Cal.Rptr.3d 2, 109 P.3d 564].) And in this manner, the Legislature was likewise reinforcing the conclusion that such disqualifying factors do not have to be formally pled and proven. As the Supreme Court observed in *Lara*, " ' "[W]hen a pleading and proof requirement is intended, the Legislature knows how to specify the requirement" ' . . . ." (*People v. Lara, supra*, 54 Cal.4th at p. 902, quoting *In re Varnell, supra*, 30 Cal.4th at p. 1141.) The Legislature included no such requirement in the Realignment Act,

and we must presume that its choice in that regard was intentional. Thus, defendant was not entitled to be sentenced to jail because of an implied pleading and proof requirement.

## III

### *Insufficient Evidence of a Prior Strike*

Defendant contends and the People concede that the record contains insufficient evidence to prove that any of the Washington convictions constituted a strike within the meaning of the three strikes law. We agree.

"Under the Three Strikes law, a prior conviction from another jurisdiction constitutes a strike if it is 'for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.' (Pen. Code, §§ 667, subd. (d)(2), 1170.12, subd. (b)(2).) Thus, the prior foreign conviction 'must involve conduct that would qualify as a serious [or violent] felony in California.' (*People v. Avery* (2002) 27 Cal.4th 49, 53 [115 Cal.Rptr.2d 403, 38 P.3d 1].) 'To make this determination, the court may consider the entire record of the prior conviction as well as the elements of the crime.' (*Ibid.*) If the record insufficiently reveals the facts of the prior offense, the court must presume the prior conviction was for the least offense punishable under the foreign law." (*People v. Jenkins* (2006) 140 Cal.App.4th 805, 810 [44 Cal.Rptr.3d 788].)

Here, the probation report contains no more than a passing reference to the defendant having felonies in Washington. There is no indication that the court considered the entire record of the prior Washington convictions. The one and only mention of defendant's Washington convictions occurred at the end of defendant's sentencing hearing. The People's sole effort to align the elements of the Washington felonies to those of their California counterparts was the following statement by the prosecutor: "[The Washington felonies are] similar enough to the California statute that they would be considered a strike . . . ."

This is plainly not enough. There was insufficient evidence on the record that the elements of the Washington felonies qualify as serious or violent felonies in California. Accordingly, the case must be remanded for resentencing. The People will have the opportunity to introduce new evidence that the priors qualified as a strike, if they can. Both the United States and California Supreme Courts have held there is no double jeopardy bar to sentencing proceedings. (*Monge v. California* (1998) 524 U.S. 721 [141 L.Ed.2d 615, 118 S.Ct. 2246]; *People v. Monge* (1997) 16 Cal.4th 826 [66 Cal.Rptr.2d 853, 941 P.2d 1121].)

## DISPOSITION

The matter is remanded for resentencing. In all other respects, the judgment is affirmed.

Nicholson, Acting P. J., and Mauro, J., concurred.