Filed 4/22/13  P. v. Caramanis CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID WALTER CARAMANIS,<br><br>    Defendant and Appellant. | 2d Crim. No. B239419<br>(Super. Ct. No. 2011013295)<br>(Ventura County) |

David Walter Caramanis appeals a judgment following conviction by plea to manufacturing gamma-hydroxybutyric acid (GHB), and possession of GHB, with findings that he suffered two controlled substance convictions and that he served a prior prison term.  (Health & Saf. Code, §§ 11379.6, subd. (a), 11377, subd. (a), 11370.2, subd. (b); Pen. Code, § 667.5, subd. (b).)  We conclude that the trial court did not abuse its discretion by declining to sentence Caramanis to a "split-sentence" pursuant to the Criminal Justice Realignment Act (Act) (Stats. 2011, lst Ex. Sess. 2011-2012, ch. 12, § 1; § 1170, subd. (h)(5)(B)), and affirm.  (*People v. Griffis* (2013) 212 Cal.App.4th 956, 963, fn. 2 [defining "split-sentence option" in terms of Penal Code section 1170, subdivision (h)(B)(5)].)

*FACTS AND PROCEDURAL HISTORY*

In 2011, Ventura County Sheriff's deputies conducted an investigation of Caramanis for the manufacture and sale of GHB, a drug used by body builders to control

the effects of steroid use and by sexual predators to render a victim unconscious. On March 22, 2011, a confidential informant obtained GHB from Caramanis. Caramanis also shipped GHB to a purchaser in Georgia. Sheriff's deputies later executed a search warrant on Caramanis's residence and found large quantities of materials used in the manufacture of GHB. Caramanis previously had been convicted of violating federal drug laws regarding GHB and was a federal parolee.

The Ventura County District Attorney charged Caramanis by second-amended information with seven counts regarding the manufacture, transportation, sale, and possession of GHB, and two counts of identity theft. (Health & Saf. Code, §§ 11379.6, subd. (a), 11379, subds. (a) & (b), 11377, subd. (a); Pen. Code, § 530.5, subd. (a).) The information also alleged that Caramanis suffered three controlled substance convictions and served a prior prison term. (Health & Saf. Code, § 11370.2, subd. (b); Pen. Code, § 667.5, subd. (b).) [1]

On November 22, 2011, Caramanis waived his constitutional rights and pleaded guilty to manufacturing GHB (count 1), and possession of GHB (count 9). Caramanis also admitted suffering the controlled substance convictions and serving a prior prison term. In a written felony disposition statement, Caramanis acknowledged that he could be sentenced "to county jail and/or home detention" and that a portion of the term could be suspended and that he would be supervised by a probation officer, as provided for in section 1170, subdivision (h). During his plea colloquy, Caramanis orally acknowledged that he could be sentenced "to county jail and/or home detention" for a maximum term.

On January 19, 2012, the trial court held a sentencing hearing. At the inception of the hearing, the trial judge stated that he had read the probation report prepared for sentencing and that he would honor his sentencing commitment of 12 years eight months, which included a five-year midterm for count 1, an eight-month consecutive term for count 9, two three-year terms for the controlled substance

---

[1] All further statutory references are to the Penal Code.

convictions, and one year for the prior prison term served. Caramanis requested that the trial court impose "a [nine year eight month] split sentence . . . something along the lines of serving two years custody time, doing a two-year [rehabilitation] program time, and then spending the rest of that time on probationary-type status." The prosecutor responded that a 12 year eight month prison term was negotiated previously, but that "[it is] for local custody now."

The trial court imposed a sentence of 12 years eight months to be served in county jail "pursuant to [section] 1170, [subdivision] (h)." In ruling, the court noted that Caramanis was involved in "sophisticated and interstate transportation of materials for drug usage," and that it was "not appropriate to consider some [rehabilitation] program" due to his "having been in federal and state prosecution and probation for similar types of crimes dating back a number of years." The court imposed various fines and fees, awarded Caramanis 426 days of presentence custody credit, and dismissed the remaining counts and a third controlled-substance conviction allegation.

Caramanis appeals and contends that the trial court abused its discretion by declining to sentence him to a split sentence pursuant to section 1170, subdivision (h)(5)(B).

*DISCUSSION*

Caramanis asserts that the trial court believed that it did not have discretion to sentence him to a combination of time in county jail, rehabilitation facilities, and home detention. He relies upon the court's felony disposition notation of "CDC - 12 yrs 8 mos" to support his argument that the court did not understand the scope of its discretion pursuant to the Act. (*People v. Downey* (2000) 82 Cal.App.4th 899, 912 ["Where . . . a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination"].)

The Act "'enacted sweeping changes to long-standing sentencing laws,'" including replacing prison commitments with county jail commitments for certain felonies and eligible defendants. (*People v. Clytus* (2012) 209 Cal.App.4th 1001, 1004.) The Act realigns low-level felony offenders without prior convictions for serious, violent,

3

or sex crimes to local, community-based programs. (*Id.* at pp. 1004-1005.) Section 1170, subdivision (h)(6) provides that the Act applies to those persons sentenced on or after October 1, 2011.

Section 1170, subdivision (h)(5) provides: "The court, when imposing a sentence pursuant to paragraph (1) or (2) of this subdivision, may commit the defendant to county jail as follows: [¶] (A) For a full term in custody as determined in accordance with the applicable sentencing law. [¶] (B)(i) For a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court."

Here the trial court understood its sentencing discretion pursuant to the Act, particularly section 1170, subdivision (h)(5)(B). The trial judge stated that he was sentencing Caramanis pursuant to section 1170, subdivision (h), and that a "program" or probation was not appropriate given Caramanis's criminal history and unsuccessful service on probation. (*People v. Deloza* (1998) 18 Cal.4th 585, 599-600 [reviewing court may look to statements of trial court to determine whether it understood its sentencing discretion].) Absent a showing to the contrary, we presume the trial court understands the applicable law and the scope of its sentencing discretion. (*People v. Galvez* (2011) 195 Cal.App.4th 1253, 1264.)

The trial court also did not abuse its discretion by sentencing Caramanis to a full county jail term. The probation report prepared for sentencing recommended against a grant of probation because Caramanis had performed poorly on probation granted for past drug offenses, concluding that "he has no intent of stopping his criminal behavior." A court enjoys broad discretion in determining whether to impose a straight jail commitment or a "split" or "blended" sentence pursuant to section 1170, subdivision (h)(5)(B). (*People v. Clytus*, *supra*, 209 Cal.App.4th 1001, 1009.)

4

Moreover, the trial court's reference to a state prison sentence was made on August 12, 2011, prior to Caramanis's guilty plea and prior to the effective date of the Act. The trial judge expressly stated that he was sentencing Caramanis pursuant to section 1170, subdivision (h), and that a rehabilitation program was not appropriate given Caramanis's long history of manufacturing and selling GHB.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

5

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.