Filed 7/12/13  P. v. Greenlow CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>RODRELL GREENLOW,<br><br>　　　　Defendant and Appellant. | A136913<br><br>(Solano County<br>Super. Ct. No. VCR215143) |

Defendant Rodrell Greenlow appeals from a conviction of receiving stolen property (Pen. Code, § 496d, subd.(a)), following a negotiated disposition and no contest plea.[1]  He contends the trial court erred in sentencing him to state prison rather than county jail under the Realignment Act (§ 1170, subd. (h); Stats. 2011, 1st Ex. Sess. 2011– 2012, ch. 15, § 1) because the prosecutor neither pleaded nor proved the prior conviction which precluded county jail.  He recognizes the Court of Appeal in *People v. Griffis* (2013) 212 Cal.App.4th 956, 961–965 (*Griffis*), rejected this same argument, holding there is no pleading and proof requirement for use of a prior conviction to disqualify a defendant from serving his or her sentence in county jail.  He claims this holding was incorrect.  We disagree, follow *Griffis*, and affirm.

**PROCEDURAL AND FACTUAL BACKGROUND**

We recite only the facts material to the sole issue on appeal.

The Solano County District Attorney filed a complaint charging defendant with three counts:  felony vehicle theft (Veh. Code, § 10851, subd. (a)), felony receiving a

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

stolen motor vehicle (Pen. Code, § 496d, subd. (a)), and misdemeanor leaving the scene of an accident (Veh. Code, § 20002, subd. (a)). The complaint also alleged defendant was not eligible to serve his sentence in county jail under the Realignment Act because one of the statutory exceptions to county jail sentencing applied.

Pursuant to a negotiated disposition, defendant pleaded no contest to count 2, receiving a stolen vehicle. Consistent with the terms of the agreement, the trial court dismissed the section 667.5, subdivision (b), prior prison term allegation and the remaining counts with *Harvey*[2] waivers. The allegations regarding ineligibility to serve his sentence in county jail were not dismissed.

At sentencing, the sole issue was where defendant would serve his sentence. The prosecutor maintained the allegation in the complaint that defendant was ineligible to be sentenced to a term of imprisonment in county jail under the Realignment Act was sufficient notice, while defense counsel contended the prior conviction rendering him ineligible for county jail had to be pleaded and proved. The trial court indicated it would order defendant housed in state prison, but gave him the opportunity to withdraw his plea, which he did not do. The court then sentenced defendant to a term of 16 months, awarded credits of 112 days for time served, and imposed a $480 fine pursuant to section 1202.4, to be stayed pending the successful completion of parole.

## DISCUSSION

"The Realignment Act significantly changes felony punishment. Under prior law, felonies were offenses punished by death or imprisonment in state prison. [Citation.] The Realignment Act changes the definition of a felony to an offense punishable by death, imprisonment in state prison, or by 'imprisonment in a county jail under the provisions of subdivision (h) of Section 1170.' [Citation.]" (*People v. Lynch* (2012) 209 Cal.App.4th 353, 357.) Defendants sentenced under the Realignment Act are generally committed to county jail instead of state prison. (*Griffis, supra,* 212 Cal.App.4th at p. 961.) However, prison sentences are imposed if the defendant has

---

[2] *People v. Harvey* (1979) 25 Cal. 3d 754 (*Harvey*).

2

current or prior serious or violent felony convictions, is required to register as a sex offender, or has sustained a section 186.11 aggravated white collar crime enhancement. (*Id.* at pp. 961–962.)

In *Griffis*, the Court of Appeal considered the same argument defendant makes here, that "a prior conviction that results in an increased penalty—like a sentence served in prison rather than in jail—must be pled and proven to a jury . . . ." (*Griffis, supra*, 212 Cal.App.4th at p. 962.) The appellate court rejected the argument. (*Id.* at p. 963.) The court explained that although a prison sentence includes a period of parole whereas a jail sentence does not, an implied pleading and proof requirement is used " 'only as to facts that define the permissible range of sentencing for an offense by increasing the sentence, prescribing a minimum term, or entirely precluding probation.' " (*Ibid.*) Since the defendant's prior conviction was used to determine the location of the sentence, the pleading and proof requirement did not apply. (*Ibid.*)

The defendant in *Griffis*, as defendant does here, also claimed the Legislature intended that a prior conviction disqualifying a defendant from a jail sentence be formally pleaded and proved. *Griffis* rejected this contention, as well, explaining " ' " 'when a pleading and proof requirement is intended, the Legislature knows how to specify the requirement.' " . . . .' [Citation.]" (*Griffis, supra*, 212 Cal.App.4th at p. 964.) Since "[t]he Legislature included no such requirement in the Realignment Act, we must presume that its choice in that regard was intentional." (*Id.* at pp. 964–965.)

Defendant acknowledges *Griffis* rejected the "pleading and proof" argument he has advanced, but contends *Griffis* was wrongly decided. We disagree, and decline his invitation to part company with that case.

### DISPOSITION

The judgment is affirmed.

_____
Banke, J.

We concur:


_____
Margulies, Acting P. J.


_____
Sepulveda, J.<sup>*</sup>

_____

     <sup>*</sup> Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.