Filed 11/4/14  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY SCOTT JOHNSON,<br><br>        Defendant and Appellant. | C073799<br><br>(Super. Ct. No. F07207) |

The trial court sentenced defendant Timothy Scott Johnson to state prison after finding he had violated probation for the third time and determining a prior conviction for first degree burglary in Oregon was a strike that rendered defendant ineligible for a county jail term.  (Pen. Code, § 1170, subd. (h)(3).)[1]  Contending there is insufficient

---

[1]    Undesignated section references are to the Penal Code.

1

evidence the Oregon conviction qualifies as a strike, defendant requests remand for resentencing. We conclude remand is necessary for the trial court to obtain further evidence as to the Oregon conviction to determine whether the conviction qualifies as a strike.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, defendant pled no contest to one count of second degree burglary (§§ 459/460) and was granted formal probation for five years.[2] In 2013, defendant admitted his third probation violation.

A supplemental probation report filed April 17, 2013, stated defendant appeared ineligible for a county jail sentence (§ 1170, subd. (h)) because he had sustained prior serious and violent felony convictions; "however, these convictions occurred in the state of Oregon and the Modoc County District Attorney's Office is in the process of review to determine if the same set of facts [is] present."

On April 19, 2013, the People filed a statement in aggravation alleging in 1996 defendant was convicted in Oregon of first degree burglary, a conviction that counted as a strike under California law. The statement attached five exhibits.

Exhibit A captioned, "Amended Judgment," was signed by Circuit Judge Gregory G. Foote of the Circuit Court of Lane County, Oregon, on October 16, 1996, and file-stamped on the same date. The document indicates that on September 23, 1996, defendant "Timothy Scott Molan" was convicted of first degree burglary committed on or about September 1, 1995, after the trial court accepted his plea, and was sentenced to serve 30 months in custody.

---

**2** According to the probation report, in 2007 defendant and a codefendant broke into two buildings on a ranch in Modoc County, California, and removed the victim's property.

Exhibit B sets out the definition of first degree burglary under the 1996 Oregon Revised Statutes (O.R.S.) section 164.225:

"(1) A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:

"(a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon."

Exhibit C sets out the definition of second degree burglary under the 1996 O.R.S. section 164.215:

"(1) Except as otherwise provided in ORS 164.255, a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

Exhibit D captioned, "Indictment," filed in Lane County Circuit Court (Oregon), signed by an assistant district attorney and the foreman of the grand jury, and file-stamped September 13, 1995, alleged (as amended by hand) defendant "Timothy Scott Molan" "on or about the 1st day of September, 1995, in the county aforesaid, did unlawfully and knowingly enter and remain in an occupied dwelling located at 818 East 15th, Eugene, Oregon, with the intent to commit the crime of theft."

Exhibit E sets out the California definition of burglary in section 459. In pertinent part, section 459 provides that "[e]very person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building . . . with the intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether

3

occupied or not. A house, trailer, vessel designed for habitation, or portion of a building is currently being used for dwelling purposes if, at the time of the burglary, it was not occupied solely because a natural or other disaster caused the occupants to leave the premises."

The statement in aggravation asserted the Oregon indictment "clarifies" the offense of which defendant was convicted by showing the burglary was of an occupied dwelling and was done with the intent to commit theft, thus satisfying all the elements of first degree burglary under California law.

At a hearing on April 23, 2013, defense counsel disputed the claim defendant had a prior strike and stated he would object to the trial court taking judicial notice of the exhibits attached to the statement in aggravation. The court told the prosecutor she would need to obtain a certified copy of defendant's conviction. The prosecutor said the People would need more time. The court responded: "Then maybe we can get some additional documents that set out some facts or something. I don't know, it's up to you."

The trial court and the parties discussed whether defendant had a right to be sentenced within 20 court days of entering his plea and whether, if so, he had waived that right. Defense counsel then stated he would stipulate to exhibits A and B attached to the statement in aggravation, but not to the others.

During a recess, the court reporter informed the trial court defendant had not waived time on March 26, 2013, when he entered his plea. Although the court doubted whether the right to speedy sentencing under section 1191 applied to a probation violation proceeding, the court stated: "[I]n an abundance of caution, since there is no reflection of a time waiver, and we don't for sure know the answer to the question, I'm prepared to go forward with sentencing at this time."

4

Noting defense counsel's objection to the exhibits (other than exhibits A and B), the prosecutor requested a one-day continuance to try to get additional documents. The trial court stated it intended to take judicial notice of the exhibits under Evidence Code section 452, subdivisions (a) and (d).**3** The court specified subdivision (d) covered the People's "copy of the [i]ndictment [exhibit D], because it's a court record, and it has a file stamp on it."

Defense counsel objected, exhibit D "is not a record of an Oregon State Court. . . . [I]n order for that Evidence Code section to apply, the Court would need to have certified records from that Superior Court. [¶] The Court does not have that, it has . . . a copy of what purports to be that, so it doesn't qualify as a document that this Court could take judicial notice of." The trial court overruled the objection, reasoning as follows:

"I understand that, and I think in a very technical, strictly technical sense you are correct, but one of the bases for the Court's evaluation is indicia[] of reliability, and I don't have any evidence to suggest to me that this document has somehow been modified or altered in some way. [¶] And it bears on its face copies of signatures of Oregon officials, as well as . . . an Oregon Circuit Court file stamp, which to me, provides some indicia of reliability that in fact that was the Indictment that was filed in this case."

The trial court tentatively ruled the indictment showed defendant's crime involved entry of an inhabited dwelling, which made it a strike.

Defense counsel argued: (1) Under the "least adjudicated elements" test (*People v. Guerrero* (1988) 44 Cal.3d 343, 354-355 (*Guerrero)*; see *People v. Griffis* (2013)

---

**3**     Evidence Code section 452, subdivision (a), permits judicial notice of "[t]he decisional . . . law of any state of the United States." Evidence Code section 452, subdivision (d), permits judicial notice of "[r]ecords of . . . any court of record of . . . any state of the United States."

5

212 Cal.App.4th 956, 965 (*Griffis*)), the crime of first degree burglary in Oregon is "essentially a California second degree burglary, entering a building with an intent to . . . steal or commit some other felony"; (2) since the People's exhibits showed only that defendant was indicted on September 13, 1995, but "a plea of some kind" was entered over a year later, and there was no record of what defendant actually pled to, the least adjudicated elements test applied; and (3) therefore, the court could not properly find the prior conviction a strike.

The trial court asked the prosecutor: "[W]hat I have in front of me to conclude that in fact [defendant] was convicted of a crime which makes him ineligible for [section 1170, subdivision] (h) sentencing and restricts his custody credit availability, is an Indictment and then a subsequent judgment. [¶] But I don't know necessarily whether he pled to something with some other language. [¶] In other words, it's not uncommon here that someone will be charged with a particular factual scenario, and plead to the crime, but on different facts, if you understand what I'm saying. [¶] So to make it simple, without knowing what was said at the time that he entered his plea in the State of Oregon, I don't know whether they changed the language to say that he was . . . admitting being caught with burglar tools, as opposed to an occupied dwelling. [¶] How do I know?"

The prosecutor replied that if there had been any indication in the documents or in the file that such a change might have occurred, the People would have brought it to the trial court's attention.

The trial court ruled: "I feel compelled in this case to make a finding that the People have provided ample evidence for the Court to conclude that the conviction suffered by [defendant] in the State of Oregon renders [defendant] ineligible for sentencing under [section 1170, subdivision] (h), and limits his ability to obtain day-for-day credits for time served."

6

The trial court sentenced defendant to serve three years in state prison. The court awarded defendant 157 days of presentence custody credits (105 actual days and 52 conduct days).

DISCUSSION

Defendant contends there is insufficient evidence his Oregon prior conviction was a strike because (1) judicial notice of the Oregon indictment was improper without a certified copy of the indictment, (2) even if the court could properly take judicial notice of the indictment, judicial notice cannot admit the facts stated in the noticed document as true, (3) since the indictment was not a certified copy and was not otherwise authenticated, it was inadmissible, (4) the crimes alleged by the indictment as the basis for the first degree burglary charge are not all felonies in California, (5) the predicate offenses for first degree burglary under the Oregon statute are not all felonies in California, and (6) the prosecution failed to produce any evidence the record of conviction is defendant's, as the person named therein is "Timothy Scott Molan." We conclude that even if the Oregon court documents were properly in evidence, they do not prove defendant's Oregon prior conviction would constitute first degree burglary in California.

At the outset, we reject defendant's claim that the discrepancy in names between the Oregon case and the California case requires reversal. Although the record does not explain the discrepancy, it shows the following: (1) According to the 2010 probation report, defendant sustained a conviction for first degree burglary in Lane County, Oregon, on September 26, 1996, and was sentenced to serve 30 months in prison; according to the "Amended Judgment" (exhibit A), defendant (under the name "Timothy Scott Molan") pled guilty to that charge in that county on September 23, 1996, and the

7

sentence was entered on October 24, 1996.**4** (2) The supplemental probation report filed in April 2013 realleged this conviction and sentence. (3) The People's statement in aggravation asserted defendant was "AKA, Timothy Scott Molan." (4) Defendant did not challenge this assertion at any hearing on the present probation violation. Thus, defendant impliedly admitted he was the person described in the Oregon court documents and may not now retract that admission. (See *People v. Watkins* (2009) 170 Cal.App.4th 1403, 1408-1410 [criminal estoppel]; see generally *Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 780 [forfeiture of factual contentions raised first on appeal].)

We also reject defendant's claim that the trial court could not find defendant's conviction to be proven because the court could not properly rely on the Oregon indictment. First, defendant contends the trial court could not properly take judicial notice of the indictment under Evidence Code section 452, subdivision (d), because the copy before the court was uncertified. But he does not cite authority holding a trial court may not take judicial notice of uncertified copies of court records from another state, and we have not found any such authority. Defendant relies on *People v. Preslie* (1977) 70 Cal.App.3d 486 (*Preslie*), *Goshgarian v. George* (1984) 161 Cal.App.3d 1214 and *People v. Medina* (1990) 51 Cal.3d 870 (*Medina*), but in all of these cases parties attached uncertified copies of court records or other documents to their *appellate briefs*, contrary to the required procedure for requesting judicial notice on appeal. (*Medina, supra,* 51 Cal.3d at p. 890; *Goshgarian, supra*, 161 Cal.App.3d at p. 1225; *Preslie, supra*, 70 Cal.App.3d at pp. 492-495.) Thus, these decisions are inapposite.**5**

---

**4** The one-month discrepancy in dates appears to be an inadvertent error in the probation report.

**5** According to defendant *Preslie* states that before a court may judicially notice a trial court record, "[I]t must be assured that the original is actually on file in the superior

Defendant acknowledges the decisions he cites concern appellate courts only, but asserts: "[T]heir reasoning applies with greater force to court records from foreign jurisdictions." However, defendant cites no authority for this proposition. We need not consider legal propositions unsupported by authority. (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)

Next, defendant contends: "The Oregon indictment is insufficient to support a finding of a prior serious felony because judicial notice cannot admit the facts stated in the noticed document as true." We need not decide whether this point is correct. The amended judgment, which stated defendant was convicted of first degree burglary, was also before the trial court and stipulated to by trial counsel. Defendant does not explain why that document was insufficient to show he was convicted of that offense.

Defendant lastly contends the indictment was inadmissible because it was not certified or properly authenticated under Evidence Code sections 452.5 (electronic records of conviction), 1401, subdivision (b), 1530, and 1531. Again, defendant is silent about the amended judgment and trial counsel's stipulation that the document was admissible. Furthermore, defendant does not cite authority for the proposition that a trial court may judicially notice court records from the court of another state only if they have been authenticated under one or more of the above statutes, and we have not found any such authority.

---

court and that the copy of the document or record is in fact a true and correct copy. Without such assurance the court cannot act with confidence. Accordingly, when a party desires the appellate court to take judicial notice of a document or record on file in the court below the parties should furnish the appellate court with a copy of such document or record certified by its custodian." (*Preslie, supra,* 70 Cal.App.3d at pp. 494-495.) However, the first sentence from this quotation actually begins: "Before *the appellate court* can properly act upon a request to take judicial notice of a document or other record from the trial court which is purportedly part of that record, it must be assured [etc.]." (*Id.* at p. 494; italics added.) In other words, this passage speaks only of appellate courts.

9

Assuming the documents proffered by the People were properly considered by the trial court, however, we agree with defendant they do not prove his Oregon offense was a strike under California law.

" 'Under the Three Strikes law, a prior conviction from another jurisdiction constitutes a strike if it is "for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." [Citation.] Thus, the prior foreign conviction "must involve conduct that would qualify as a serious [or violent] felony in California." [Citation.] "To make this determination, the court may consider the entire record of the prior conviction as well as the elements of the crime." [Citation.] If the record insufficiently reveals the facts of the prior offense, the court must presume the prior conviction was for the least offense punishable under the foreign law.' [Citation.]" (*Griffis, supra*, 212 Cal.App.4th at p. 965.)

Here, the indictment showed defendant was accused of first degree burglary by means of "enter[ing] and remain[ing] in an occupied dwelling" with the intent to commit theft therein. The amended judgment showed defendant entered a plea of guilty to first degree burglary on unspecified facts. This showing was insufficient to prove defendant's crime was first degree burglary as defined in California.

First degree burglary under Oregon law may be committed in numerous ways other than the conduct that constitutes first degree burglary in California: to enter an inhabited dwelling with the intent to commit larceny or any felony therein. (§ 459.) The Oregon statutes (before the trial court as exhibits B and C) also provide that first degree burglary occurs if the offender enters "a dwelling" (not necessarily an inhabited dwelling) "with intent to commit a crime therein" (not necessarily larceny or a felony) (O.R.S. §§ 164.215, subd. (1), 164.225, subd. (1)) -- *or* if, either while entering, inside, or fleeing

10

a building, the offender "[i]s armed with a burglar's tool . . . or a deadly weapon" (O.R.S. § 164.225, subd. (1)(a)), "[c]auses or attempts to cause physical injury to any person" (O.R.S. § 164.225, subd. (1)(b)), or "[u]ses or threatens to use a dangerous weapon" (O.R.S. § 164.225, subd. (1)(c)).

The offense alleged in the indictment would satisfy all the elements of first degree burglary in California, but the amended judgment does not show defendant pled guilty to what was alleged in the indictment. As the trial court observed, defendants sometimes plead to facts that differ materially from those originally alleged. Because the record does not exclude the possibility defendant pled to facts that would amount to first degree burglary in Oregon but not in California, the evidence before the trial court did not establish defendant was convicted of first degree burglary as defined in California. Under the "least adjudicated elements" test, which applies to foreign convictions where the record of conviction does not enable us to determine the facts of the underlying offense (*Guerrero, supra*, 44 Cal.3d at pp. 354-355), we must deem defendant's conviction to constitute only second degree burglary on the present record.

Therefore, we must vacate defendant's sentence (including the award of presentence custody credits) and remand the matter to the trial court for resentencing. Because there is no double jeopardy bar to sentencing proceedings (*Monge v. California* (1998) 524 U.S. 721 [141 L.Ed.615]; *People v. Monge* (1997) 16 Cal.4th 826; *Griffis, supra*, 212 Cal.App.4th at p. 965), the People may introduce further evidence that defendant's offense constituted a strike, if such evidence exists. If it does, the trial court is directed to reinstate defendant's sentence and to recalculate his presentence custody credits in accordance with that sentence. If not, the court is directed to resentence defendant to county jail (§ 1170, subd. (h)) and to recalculate his presentence custody credits accordingly.

11

## DISPOSITION

The matter is remanded to the trial court with directions to hold a new sentencing hearing to determine whether defendant's Oregon conviction for first degree burglary is a strike under California law, and to resentence defendant according to the evidence presented at the new hearing.

      HOCH     , J.

We concur:

     BLEASE    , Acting P. J.

      BUTZ    , J.