Filed 11/18/14  P. v. Michael CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040546 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1350557) |
| v. | |
| DANIEL EMBAYE MICHAEL, | |
| Defendant and Appellant. | |

### INTRODUCTION

Defendant Daniel Embaye Michael contends that a mandatory supervised release condition prohibiting him from possessing or using illegal drugs or illegal controlled substances is vague and overbroad.  He urges this court to modify the condition to include a knowledge requirement.  We will modify the challenged conditions to include an express knowledge requirement.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2013, the district attorney filed a complaint charging defendant with possession for sale of marijuana.  (Health & Saf. Code, § 11359.)  The complaint also alleged that defendant had three prison priors.  (Pen. Code, § 667.5 (b)).  The complaint was later amended to include a misdemeanor offense of permitting a passenger to carry a firearm in his vehicle.  (Pen. Code, § 26100, subd. (a).)  Defendant pleaded no contest to both charges and admitted the three prison priors.

On December 5, 2013, the trial court sentenced defendant to two years pursuant to Penal Code section 1170, subdivision (h). One year of his sentence was to be served in county jail, and for the remainder of his sentence, defendant was ordered to be released on mandatory supervision. The trial court imposed various terms and conditions of supervised release, including that defendant "not possess or use illegal drugs or illegal controlled substances or go anywhere he/she knows illegal drugs or non-prescribed controlled substances are used or sold."

## DISCUSSION

Defendant contends that the supervised release condition prohibiting his possession or use of illegal drugs or illegal controlled substances is unconstitutionally vague and overbroad because it lacks an express knowledge requirement.

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121; *People v. Leon* (2010) 181 Cal.App.4th 943, 948.) However, probation conditions may be challenged on the grounds of unconstitutional vagueness and overbreadth. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630 (*Lopez*).) A probation condition may be " 'overbroad' " if in its reach it prohibits constitutionally protected conduct. (*Ibid.*) "The underlying concern of the vagueness doctrine is the core due process requirement of adequate notice." (*Ibid.*, italics omitted.) A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process. To avoid vagueness, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him. . . .' [Citations.]" (*Ibid.*) Absent a requirement that the defendant know he or she is disobeying the condition, the defendant is vulnerable, and unfairly so, to punishment for unwitting violations of that condition. (See *Id.* at pp. 628-629.) An appellate court is empowered to modify a probation condition in order to render it

2

constitutional.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 892.)  Similarly, the same logic should apply to conditions of mandatory supervision, and thus, we will treat the imposed condition as akin to a probation condition.  (Cf. *People v. Griffis* (2013) 212 Cal.App.4th 956, 963, fn. 2.)

Relying on *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*), the Attorney General argues that the knowledge requirement may be implied.  In *Rodriguez,* the defendant challenged, among other things, a probation condition that concerned the use and possession of " 'alcohol, intoxicants, narcotics, or other controlled substances.' " (*Id.* at p. 583.)  The defendant argued that the condition was unconstitutionally vague and overbroad and that an express knowledge requirement was necessary.  As to the prohibition on controlled substances, this court determined that the knowledge element was implied because case law had construed criminal statutes proscribing possession of controlled substances "as including implicit knowledge elements."  (*Id.* at p. 593 [" '[A]lthough criminal statutes prohibiting the possession, transportation, or sale of a controlled substance do not expressly contain an element that the accused be aware of the character of the controlled substance at issue ([Health & Saf. Code,] §§ 11350-11352, 11357-11360, 11377-11379), such a requirement has been implied by the courts.' "].)  But insofar as the condition concerned alcohol and " 'intoxicants,' " *Rodriguez* concluded that "the addition of an express knowledge requirement will eliminate any potential for vagueness or overbreadth in applying the condition."  (*Id.* at p. 594.)

Although in *Rodriguez* we recognized an express knowledge requirement may not have been necessary for a prohibition on the possession and use of controlled substances, we believe that the inclusion of an explicit knowledge requirement here will ensure clear notice to defendant and probation authorities of what will constitute a violation. Accordingly, we will modify the challenged condition to state "The defendant shall not knowingly possess or use illegal drugs or illegal controlled substances . . . ."

3

## DISCUSSION

The supervised release conditions are modified to reflect the following changes:

Condition 8: "The defendant shall not knowingly possess or use illegal drugs or illegal controlled substances or go anywhere he knows illegal drugs or non-prescribed controlled substances are used or sold."

As modified, the judgment is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

ELIA, J.

_____

MÁRQUEZ, J.