Filed 9/24/15  P. v. Criado CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C075225 |
| Plaintiff and Respondent, | (Super. Ct. No. SC059726A) |
| v. | |
| JERRY THOMAS CRIADO, | |
| Defendant and Appellant. | |

Defendant Jerry Thomas Criado appeals from the trial court's denial of his petition for recall of sentence pursuant to Penal Code section 1170.126.[1]  He contends the trial court erred in finding him ineligible for resentencing based on facts that were not pled or proved, the finding that he was armed during the offense required a tethering offense, and

---

[1]    Undesignated statutory references are to the Penal Code.

1

there is insufficient evidence to support the armed finding.  We affirm the trial court's order.

## BACKGROUND

On October 31, 1995, defendant, an inmate at Deuel Vocational Institution, was escorted from his cell to the shower by two correctional officers.  Among his shower items were a bar of soap and a razor.  After defendant had been showering for about 15 minutes, the officers heard a crunching noise.  Defendant handed the pieces of a broken razor to one of the officers, who noticed that the blade was missing.  A search of defendant's person and clothes did not result in the discovery of the blade.  When an officer started searching defendant's shower items, defendant whispered to the officer in Spanish, "Está in la Tira," or, "It's in the tier."  The officer found one-half of the razor blade in defendant's bar of soap.

Defendant was convicted of possessing a deadly weapon while in prison (§ 4502) with two prior strikes.  He was sentenced to 25 years to life.

Defendant filed a petition for recall of sentence in May 2013.  The trial court denied the petition, finding him ineligible because he was armed during the commission of the current offense.

## DISCUSSION

### I

Defendant contends he could not be found ineligible for resentencing under section 1170.126 because it was never pled and proven that he was armed in the commission of his crime.  We disagree.

Section 1170.126 allows defendants serving a life term for a third strike to petition for resentencing.  (§ 1170.126, subd. (b).)  Eligibility for resentencing is initially limited to defendants serving life terms for felonies that are neither serious nor violent. (§ 1170.126, subd. (e)(1).)  Other factors can render a defendant ineligible for resentencing.  One of the disqualifying factors, as cross-referenced in section 1170.126,

2

subdivision (e)(2), renders an offense ineligible for recall of sentence if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii).)

Defendant argues this provision must be read with the changes to the "Three Strikes" law enacted with section 1170.126 as part of Proposition 36. Following Proposition 36, a defendant generally is not subject to a three strikes sentence if the current offense is not a serious or violent felony. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) However, a defendant is eligible for a three strikes sentence even if the current offense is not serious or violent if the prosecution "pleads and proves" that "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

According to defendant, the pleading and proof requirement of these provisions must also apply to the armed with a deadly weapon exception to eligibility for resentencing under section 1170.126. His interpretation is based on the principles of statutory construction that courts should construe ambiguities in penal statutes to avoid constitutional problems (*People v. Leiva* (2013) 56 Cal.4th 498, 506-507), remedial statutes should be liberally construed (*Estate of Stoker* (2011) 193 Cal.App.4th 236, 242), and the rule of lenity (*In re M.M.* (2012) 54 Cal.4th 530, 545).

Defendant's interpretation of Proposition 36 was rejected by two panels of this court (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1311 (*Elder*); *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333-1336), as well as every other Court of Appeal to consider it. (See *People v. Chubbuck* (2014) 231 Cal.App.4th 737, 745-748; *People v. Bummer* (2014) 230 Cal.App.4th 782, 802-805; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1033 (*Osuna*); *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058; *People v. White* (2014) 223 Cal.App.4th 512, 526-527.) These cases find that the omission of a

3

pleading and proof requirement in section 1170.126 by the drafters of Proposition 36 was determinative, rendering superfluous any other principles of statutory construction. (See *Elder, supra,* at pp. 1314-1315.) Defendant does not give us good reason to depart from these decisions. Agreeing with the uniform authority rejecting defendant's claim, we find there is no pleading and proof requirement for a fact used to exclude a defendant from section 1170.126 resentencing.

## II

Defendant also contends the trial court erred in excluding him from resentencing because exclusion is mandated "only where there is a separate, 'tethering' felony in which the defendant is armed with a deadly weapon." Relying on cases addressing the application of firearm enhancements, defendant claims this "tethering" crime cannot be a weapon possession offense.

This claim has been rejected by both courts that considered it. (*Elder, supra*, 227 Cal.App.4th at pp. 1312-1314; *Osuna, supra*, 225 Cal.App.4th at p. 1032.) Two other appellate courts have held that defendants convicted of only felon in possession of a firearm charges were armed during their offenses, and thus were excluded from eligibility for resentencing under section 1170.26. (*People v. Blakely, supra*, 225 Cal.App.4th at p. 1054; *People v. White, supra*, 223 Cal.App.4th at p. 524.)

Defendant's contention is based on section 12022, which provides an enhancement for being armed with a firearm or personally using a deadly weapon "in the commission or attempted commission of the underlying felony." (See § 12022, subds. (a)(1), (b)(1).) *Osuna,* which addressed ineligibility based on being armed during the commission of felon in possession of a firearm (*Osuna, supra*, 225 Cal.App.4th at pp. 1026-1027), illustrates why defendant's contention must fail. "[D]efendant was armed with a [deadly weapon] *during* his possession of the gun, but not 'in the commission' of his crime of possession. There was no facilitative nexus; his having the firearm available for use did not further his illegal possession of it. There was, however,

4

a temporal nexus.  Since the Act uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense [citations], and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Id.* at p. 1032.)

We find this and the reasoning of the other cases implicitly or explicitly rejecting defendant's contention to be persuasive.  Applying these decisions, we find the armed exclusion can apply to felon in possession of a deadly weapon while in prison.

III

Defendant contends there is insufficient evidence to support the finding he was armed with a deadly weapon during the commission of his offense.

In order to find defendant ineligible for resentencing, the trial court had to make a factual determination he was armed with a deadly weapon during the commission of his offense.  (*People v. Bradford, supra*, 227 Cal.App.4th at pp. 1331-1332.)  This determination is retrospective in nature, similar to determining the nature of a prior conviction.  (*Id.* at pp. 1337-1338.)  We review a trial court's factual findings regarding the nature of a prior conviction for substantial evidence, viewing the record in the light most favorable to the judgment.  (*People v. Griffis* (2013) 212 Cal.App.4th 956, 959, 965; *People v. Jones* (1999) 75 Cal.App.4th 616, 633.)

A defendant is "armed" within the meaning of section 12022 "if the defendant has the specified weapon available for use, either offensively or defensively.  [Citations.] . . . '[A deadly weapon] that is available for use as a weapon creates the very real danger it will be used.' [Citation.]  Therefore, '[i]t is the availability -- the ready access -- of the weapon that constitutes arming.' [Citation.]" (*People v. Bland* (1995) 10 Cal.4th 991, 997, italics omitted.)  A defendant does not have to use the weapon or to have it on his person in order to be armed with it.  (*Id.* at pp. 997-998.)

5

Defendant argues having one-half of a razor blade embedded in a piece of soap did not render the blade readily accessible to him for offense or defense. From this, he concludes there was not substantial evidence supporting the trial court's finding that he was armed with a deadly weapon.

Not so. Possessory offenses, like drug possession or possession of a deadly weapon, are " 'continuing' offense[s], one[s] that extend[] through time." (*People v. Bland, supra,* 10 Cal.4th at p. 999.) Therefore, the defendant is criminally liable the entire time he possesses the illegal item. (*Ibid*.) From the evidence here, the trial court could reasonably infer defendant was the person who placed the partial razor blade in the soap. Since defendant had to have physical possession of the blade to place it in the soap, he was necessarily armed with the weapon. (See *People v. White, supra*, 223 Cal.App.4th at p. 525 [personally carrying firearm sufficient evidence to support armed finding disqualifying defendant from resentencing].) Substantial evidence supports the trial court's armed finding.

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.


      NICHOLSON      , Acting P. J.


We concur:



      MAURO      , J.



      DUARTE      , J.